FILED
11/24/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 21, 2025 Session

## IN RE EASTON G. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 160554   Gregory S. McMillan, Judge**

_____

**No. E2025-01376-COA-R3-JV**

_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J; AND KRISTI M. DAVIS, J.

Amber K. Spelman, Knoxville, Tennessee, for the appellant, Jessica G.

Jonathan Skrmetti, Attorney General and Reporter, and Mara L. Cunningham, Assistant Attorney General, for the appellee, the Tennessee Department of Children's Services.

## MEMORANDUM OPINION[1]

The appellant, Jessica G. ("Appellant"), filed a notice of appeal with this Court in September 2025, which states that Appellant is appealing the September 10, 2025 order of the Knox County Circuit Court ("the Trial Court"). The Trial Court Clerk notified this Court that no final judgment has been entered in this case. In the underlying proceedings, which remain ongoing, Appellant is represented by appointed counsel. Once a court has appointed counsel, that counsel "shall continue to represent an indigent party throughout

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the proceedings, including any appeals, until the case has been concluded or counsel has been allowed to withdraw by a court" (emphasis added). Tenn. R. Sup. Ct. 13, § 1(e)(5). This Court has not been informed of any order from the Trial Court allowing the appellant to withdraw.

Because it appeared that there was no final judgment in the underlying Trial Court proceedings, this Court entered a show cause order on October 3, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order but, instead, filed a *pro se* response to this Court's show cause order. Because a party has no right to act *pro se* while the party is represented by counsel, the response is hereby STRICKEN. *See State v. Burkhart*, 541 S.W.2d 365, 370 (Tenn. 1976). Additionally, the Trial Court Clerk has notified this Court that no final judgment had been entered in the Trial Court proceedings below.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

No final judgment has been entered by the Trial Court from which Appellant can appeal. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed without prejudice to Appellant's ability to file a timely appeal after a final judgment is entered in the proceedings below. Costs on appeal are taxed to the appellant, Jessica G., for which execution may issue.

**PER CURIAM**